

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:                    Attention:  Mr. E. E. Jordan

Opinion No. O-4041
Re:  Is the county clerk authorized
     to accept for filing and record
     a deed without revenue stamps
     attached under the facts set
     forth?

Your letter requesting the opinion of this department on the above stated question reads as follows:

"Our County Clerk has requested the opinion of your office as to whether he is authorized to accept for filing and record a deed without revenue stamps attached, under the following circumstances:

"The deed is in lieu of a deed previously executed, and to which there was attached U. S. Revenue stamps in the proper amount, $11.00, and State stamps in the proper amount, $10.80; the original deed was placed in escrow with one of our local banks, but through some error has been lost or misplaced. The person offering the deed without stamps is willing to make affidavit to these facts.

"It is our opinion that the language of Article 7047e precludes the clerk from accepting this deed, to-wit, '...no such instrument shall be filed or recorded...until there has been affixed to such instrument stamps in accordance with the provisions of this section ....;' however, the opinion of your office is

Honorable Tom Seay, Page 2

respectfully requested on this point. We
believe that to hold otherwise would be con-
trary to the letter of the law, at least,
and would open the door to fraud in many
cases and set a dangerous precedent."

We think that under the terms of Article 7047e,
Vernon's Annotated Civil Statutes, the conclusion stated in
your letter relative to the above mentioned question is
correct. Article 7047e, supra, specifically provides:

". . ., no such instrument shall be
filed or recorded . . . until there has
been affixed to such instrument stamps in
accordance with the provisions of this sec-
tion; . . ."

There are certain exceptions set out in the above
mentioned statute, however, we do not think that the above
mentioned deed, under the facts stated, comes within the
exceptions set forth in the statutes.

Therefore, we respectfully answer the above stated
question in the negative. (Also see the case of City of
Abilene v. Fryar, 143 S. W. (2d) 654.)

Trusting that the foregoing answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED OCT 1941

I ASSISTANT
ATTORNEY GENERAL

AW:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN